UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.

CHRISTOPHER KEITH HELD
BONNIE BROOKE VOGT

CASE NO. 6:20-cr-35-ORL-78DCI

18 U.S.C. § 371
18 U.S.C. § 1029(a)(1)
18 U.S.C. § 1029(a)(3)
18 U.S.C. § 1029(a)(4)
18 U.S.C. § 1028A

## INDICTMENT

The Grand Jury charges:

## COUNT ONE
### (Conspiracy)

### A. Introduction

At times material to this Indictment:

1.     Bridgecrest Financial was a financial institution doing business in the Middle District of Florida, Northern District of Texas, and elsewhere, the activities of which affected interstate commerce.

2.     BB&T Bank was a financial institution doing business in the Middle District of Florida, Western District of North Carolina, and elsewhere, the activities of which affected interstate commerce.

## B. The Conspiracy

3.      Beginning on an unknown date, but not later than in or about November 2018, and continuing through in or about October 2019, in the Middle District of Florida, and elsewhere, the defendants,

CHRISTOPHER KEITH HELD
and
BONNIE BROOKE VOGT,

did knowingly and willfully combine, conspire, confederate and agree with each other and other persons, both known and unknown to the Grand Jury, to commit an offense against the United States, specifically, to knowingly and with intent to defraud produce, use, and traffic in one or more counterfeit access devices, as defined in 18 U.S.C. § 1029(e)(2), that is, counterfeit Florida driver's licenses, and the offenses affected interstate commerce, in violation of 18 U.S.C. § 1029(a)(1) and (c)(1)(A)(i).

## C. Manner and Means of the Conspiracy

4.      The manner and means by which the conspirators sought to accomplish the objects of the conspiracy included, among others:

a.      It was part of the conspiracy that the defendants, CHRISTOPHER KEITH HELD and BONNIE BROOKE VOGT, and others known and unknown to the Grand Jury, would and did fraudulently obtain, cause to be obtained, and aid and abet in the obtaining of personal identifying

2

information of victims, including names, dates of birth, and social security numbers.

b.      It was further part of the conspiracy that the defendants, CHRISTOPHER KEITH HELD and BONNIE BROOKE VOGT, and others known and unknown to the Grand Jury, would and did produce, did cause to be produced, and did aid and abet in the production of counterfeit Florida driver's licenses containing the names and personal identifying information of victims, but the photographs of participants in the conspiracy.

c.      It was further part of the conspiracy that the defendants, CHRISTOPHER KEITH HELD and BONNIE BROOKE VOGT, and others known and unknown to the Grand Jury, would and did obtain, did cause to be obtained, and did aid and abet in the fraudulent obtainment of financing, lines of credit, and credit cards from financial institutions, including Bridgecrest Financial, BB&T Bank, and others, the activities of which affect interstate commerce, using the fraudulently-obtained personal identifying information and counterfeit Florida driver's licenses.

d.      It was further part of the conspiracy that the defendants, CHRISTOPHER KEITH HELD and BONNIE BROOKE VOGT, would and did use, did cause to be used, and did aid and abet in the use of the

fraudulently-obtained financing, lines of credit, and credit cards to rent and purchase automobiles and other items of value.

    e.    It was further part of the conspiracy that the defendants, CHRISTOPHER KEITH HELD and BONNIE BROOKE VOGT, and others known and unknown to the Grand Jury, would and did misrepresent, conceal, hide, and cause to be misrepresented, concealed, and hidden, acts done in furtherance of the conspiracy and the purpose of those acts.

### D. Overt Acts

    5.    In furtherance of the conspiracy, and to effect the objects thereof, the following overt acts, among others, were committed in the Middle District of Florida:

    a.    On November 29, 2018, CHRISTOPHER KEITH HELD used a counterfeit Florida driver's license in the name of T.A. and a fraudulently-obtained credit card issued in the name of T.A. to rent a 2019 Mercedes SUV at the Sixt Rent a Car LLC located at 7855 N. Frontage Road, Orlando, Florida.

    b.    On November 29, 2018, CHRISTOPHER KEITH HELD used a fraudulently-obtained credit card issued in the name of T.A. to make a purchase at the WaWa gas station located at 3100 S. Orange Ave., Orlando, Florida.

c.    On January 17, 2019, CHRISTOPHER KEITH HELD used a fraudulently-obtained credit card issued in the name of L.N. to make a purchase at the Target department store located at 120 W. Grant Street, Orlando, Florida.

d.    On April 15, 2019, BONNIE BROOKE VOGT used a counterfeit Florida driver's license in the name of H.H. and fraudulently-obtained financing issued in the name of H.H. to purchase a 2016 Hyundai sedan from Carvana, LLC, located at 3511 Rio Vista Ave., Orlando, Florida.

e.    On June 8, 2019, CHRISTOPHER KEITH HELD used a counterfeit Florida driver's license in the name of P.S. and fraudulently-obtained financing issued in the name of P.S. to purchase a 2018 Cadillac sedan from Carvana, LLC, located at 3511 Rio Vista Ave., Orlando, Florida.

f.    On August 16, 2019, BONNIE BROOKE VOGT used a counterfeit Florida driver's license in the name of A.S. and fraudulently-obtained financing issued in the name of A.S. to purchase a 2016 Chevrolet sedan from Carvana, LLC, located at 3511 Rio Vista Ave., Orlando, Florida.

g.    On August 26, 2019, BONNIE BROOKE VOGT used a counterfeit Florida driver's license in the name of A.S. and fraudulently-

obtained financing issued in the name of A.S. to purchase a 2017 Lincoln

sedan from Carvana, LLC, located at 3511 Rio Vista Ave., Orlando, Florida.

All in violation of 18 U.S.C. § 371.

## COUNT TWO
### (Access Device Fraud)

On or about November 29, 2018, in the Middle District of Florida, and

elsewhere, the defendant,

CHRISTOPHER KEITH HELD,

did knowingly and with intent to defraud produce, use, and traffic in one or

more counterfeit access devices, as defined in 18 U.S.C. § 1029(e)(2), that is, a

Florida driver's license in the name of T.A., and the offense affected interstate

commerce.

In violation of 18 U.S.C. § 1029(a)(1) and (c)(1)(A)(i).

## COUNT THREE
### (Aggravated Identity Theft)

On or about November 29, 2018, in the Middle District of Florida, the

defendant,

CHRISTOPHER KEITH HELD,

did knowingly possess and use, without lawful authority, a means of

identification of another person, specifically, the name and date of birth of

victim T.A., during and in relation to a felony violation of access device fraud, in violation of 18 U.S.C. § 1029(a)(1), as charged in Count Two of this Indictment, knowing that such means of identification belonged to an actual person.

In violation of 18 U.S.C. § 1028A(a)(1).

## COUNT FOUR
**(Possession of 15 or More Counterfeit and Unauthorized Access Devices)**

On or about January 17, 2019, in the Middle District of Florida, and elsewhere, the defendants,

CHRISTOPHER KEITH HELD
and
BONNIE BROOKE VOGT,

did knowingly and with intent to defraud possess 15 or more counterfeit and unauthorized access devices, as defined in 18 U.S.C. § 1029(e), that is, driver's licenses, credit cards, and social security numbers, and the offense affected interstate commerce.

In violation of 18 U.S.C. §§ 1029(a)(3), (c)(1)(A)(i), and 2.

## COUNT FIVE
**(Possession of Device-Making Equipment)**

On or about January 17, 2019, in the Middle District of Florida, and elsewhere, the defendants,

CHRISTOPHER KEITH HELD
and

BONNIE BROOKE VOGT,

did knowingly, and with intent to defraud, produce, traffic in, have control and custody of, and possess device-making equipment, as defined in 18 U.S.C. § 1029(e)(6), that is, a card encoder and card printers, and the offense affected interstate commerce.

In violation of 18 U.S.C. §§ 1029(a)(4), (c)(1)(A)(ii), and 2.

**COUNT SIX**
**(Access Device Fraud)**

On or about April 15, 2019, in the Middle District of Florida, and elsewhere, the defendant,

BONNIE BROOKE VOGT,

did knowingly and with intent to defraud produce, use, and traffic in one or more counterfeit access devices, as defined in 18 U.S.C. § 1029(e)(2), that is, a Florida driver's license in the name of H.H., and the offense affected interstate commerce.

In violation of 18 U.S.C. § 1029(a)(1) and (c)(1)(A)(i).

**COUNT SEVEN**
**(Aggravated Identity Theft)**

On or about April 15, 2019, in the Middle District of Florida, the defendant,

BONNIE BROOKE VOGT,

did knowingly possess and use, without lawful authority, a means of identification of another person, specifically, the name, date of birth, and social security number of victim H.H., during and in relation to a felony violation of access device fraud, in violation of 18 U.S.C. § 1029(a)(1), as charged in Count Six of this Indictment, knowing that such means of identification belonged to an actual person.

In violation of 18 U.S.C. § 1028A(a)(1).

## COUNT EIGHT
**(Access Device Fraud)**

On or about June 8, 2019, in the Middle District of Florida, and elsewhere, the defendant,

### CHRISTOPHER KEITH HELD,

did knowingly and with intent to defraud produce, use, and traffic in one or more counterfeit access devices, as defined in 18 U.S.C. § 1029(e)(2), that is, a Florida driver's license in the name of P.S., and the offense affected interstate commerce.

In violation of 18 U.S.C. § 1029(a)(1) and (c)(1)(A)(i).

## COUNT NINE
### (Aggravated Identity Theft)

On or about June 8, 2019, in the Middle District of Florida, the defendant,

### CHRISTOPHER KEITH HELD,

did knowingly possess and use, without lawful authority, a means of identification of another person, specifically, the name, date and birth, and social security number of victim P.S., during and in relation to a felony violation of access device fraud, in violation of 18 U.S.C. § 1029(a)(1), as charged in Count Eight of this Indictment, knowing that such means of identification belonged to an actual person.

In violation of 18 U.S.C. § 1028A(a)(1).

## COUNT TEN
### (Access Device Fraud)

On or about August 16, 2019, in the Middle District of Florida, and elsewhere, the defendant,

### BONNIE BROOKE VOGT,

did knowingly and with intent to defraud produce, use, and traffic in one or more counterfeit access devices, as defined in 18 U.S.C. § 1029(e)(2), that is, a

Florida driver's license in the name of A.S., and the offense affected interstate commerce.

In violation of 18 U.S.C. § 1029(a)(1) and (c)(1)(A)(i).

## COUNT ELEVEN
### (Aggravated Identity Theft)

On or about August 16, 2019, in the Middle District of Florida, the defendant,

BONNIE BROOKE VOGT,

did knowingly possess and use, without lawful authority, a means of identification of another person, specifically, the name, date of birth, and social security number of victim A.S., during and in relation to a felony violation of access device fraud, in violation of 18 U.S.C. § 1029(a)(1), as charged in Count Ten of this Indictment, knowing that such means of identification belonged to an actual person.

In violation of 18 U.S.C. § 1028A(a)(1).

## COUNT TWELVE
### (Access Device Fraud)

On or about August 26, 2019, in the Middle District of Florida, and elsewhere, the defendant,

BONNIE BROOKE VOGT,

did knowingly and with intent to defraud produce, use, and traffic in one or more counterfeit access devices, as defined in 18 U.S.C. § 1029(e)(2), that is, a Florida driver's license in the name of A.S., and the offense affected interstate commerce.

In violation of 18 U.S.C. § 1029(a)(1) and (c)(1)(A)(i).

## COUNT THIRTEEN
### (Aggravated Identity Theft)

On or about August 26, 2019, in the Middle District of Florida, the defendant,

BONNIE BROOKE VOGT,

did knowingly possess and use, without lawful authority, a means of identification of another person, specifically, the name, date of birth, and social security number of victim A.S., during and in relation to a felony violation of access device fraud, in violation of 18 U.S.C. § 1029(a)(1), as charged in Count Twelve of this Indictment, knowing that such means of identification belonged to an actual person.

In violation of 18 U.S.C. § 1028A(a)(1).

## COUNT FOURTEEN
### (Possession of 15 or More Counterfeit and Unauthorized Access Devices)

On or about September 2, 2019, in the Middle District of Florida, and elsewhere, the defendant,

CHRISTOPHER KEITH HELD,

did knowingly and with intent to defraud possess 15 or more counterfeit and

unauthorized access devices, as defined in 18 U.S.C. § 1029(e), that is, driver's

licenses, credit cards, and social security numbers, and the offense affected

interstate commerce.

In violation of 18 U.S.C. § 1029(a)(3) and (c)(1)(A)(i).

## COUNT FIFTEEN
### (Possession of 15 or More Counterfeit and Unauthorized Access Devices)

On or about October 20, 2019, in the Middle District of Florida, and

elsewhere, the defendant,

BONNIE BROOKE VOGT,

did knowingly and with intent to defraud possess 15 or more counterfeit and

unauthorized access devices, as defined in 18 U.S.C. § 1029(e), that is, driver's

license numbers, credit card numbers, and social security numbers, and the

offense affected interstate commerce.

In violation of 18 U.S.C. § 1029(a)(3) and (c)(1)(A)(i).

## COUNT SIXTEEN
### (Possession of 15 or More Counterfeit and Unauthorized Access Devices)

On or about October 29, 2019, in the Middle District of Florida, and

elsewhere, the defendants,

CHRISTOPHER KEITH HELD
and
BONNIE BROOKE VOGT,

did knowingly and with intent to defraud possess 15 or more counterfeit and

unauthorized access devices, as defined in 18 U.S.C. § 1029(e), that is, driver's

licenses, credit cards, and social security numbers, and the offense affected

interstate commerce.

In violation of 18 U.S.C. §§ 1029(a)(3), (c)(1)(A)(i), and 2.

<u>**COUNT SEVENTEEN**</u>
**(Possession of Device-Making Equipment)**

On or about October 29, 2019, in the Middle District of Florida, and

elsewhere, the defendants,

CHRISTOPHER KEITH HELD
and
BONNIE BROOKE VOGT,

did knowingly, and with intent to defraud, produce, traffic in, have control

and custody of, and possess device-making equipment, as defined in 18 U.S.C.

§ 1029(e)(6), that is, a card printer, and the offense affected interstate

commerce.

In violation of 18 U.S.C. §§ 1029(a)(4), (c)(1)(A)(ii), and 2.

## FORFEITURE

1.    The allegations contained in Counts One, Two, Four through Six, Eight, Ten, Twelve, and Fourteen through Seventeen, are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. §§ 982(a)(2)(B) and 1029(c)(1)(C).

2.    Upon conviction of a violation of 18 U.S.C. § 371 and/or 18 U.S.C. § 1029(a), the defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(B), any property constituting, or derived from, proceeds the person obtained directly or indirectly, as a result of such violation, and pursuant to 18 U.S.C. § 1029(c)(1)(C), any personal property used or intended to be used to commit the offense.

3.    The property to be forfeited includes, but is not limited to, the following: a card encoder and three card printers.

4.    If any of the property described above, as a result of any act or omission of the defendants:

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with, a third party;

      c.    has been placed beyond the jurisdiction of the Court;

      d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be

divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the

provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. §§ 982(b)(1)

and 1029(c)(2).

A TRUE BILL,

_____

Foreperson

MARIA CHAPA LOPEZ
United States Attorney


By:    _____
Chauncey A. Bratt
Assistant United States Attorney


By:    _____
Roger B. Handberg
Assistant United States Attorney
Chief, Orlando Division

FORM OBD-34
APR 1991

No.

# UNITED STATES DISTRICT COURT
Middle District of Florida
Orlando Division

THE UNITED STATES OF AMERICA

vs.

CHRISTOPHER KEITH HELD
BONNIE BROOKE VOGT

## INDICTMENT

Violations:   18 U.S.C. § 371
18 U.S.C. § 1029(a)(1)
18 U.S.C. § 1029(a)(3)
18 U.S.C. § 1029(a)(4)
18 U.S.C. § 1028A

A true bill.

_____
Foreperson

Filed in open court this 19th day of February, 2020.

_____
Clerk

Bail $ _____